# B

# Commonwealth of Massachusetts

### THE TRIAL COURT
### SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| **MIDDLESEX, SS.** | **MIDDLESEX SUPERIOR COURT DOCKET NO. -** |
| | **RECEIVED** |
| Douglas J. Bache; | 6/4/2021   JP |
| PLAINTIFF, | |
| | **COMPLAINT AND JURY DEMAND** |
| v. | |
| Philip Gath; | |
| Town of Boxborough, Massachusetts; | |
| DEFENDANTS. | |

## PARTIES

1. Plaintiff, Douglas J. Bache (hereinafter "Mr. Bache" or "Plaintiff"), is an individual residing in Boxborough, Middlesex County, Massachusetts.

2. Defendant, Philip Gath (hereinafter "Officer Gath" or "Defendant"), is a police officer in Boxborough, Massachusetts. At all relevant times to this complaint Defendant worked for the Boxborough Police Department located in Boxborough, Massachusetts.

3. Defendant, City of Boxborough, Massachusetts (hereinafter "Boxborough"), is a town located in the state of Massachusetts and is the town where the Boxborough Police Department is located.

## FACTS

4. Plaintiff, Mr. Bache, is a fifty-eight (58) year old male born on November 29, 1962. Mr. Bache resides at 41 Spencer Road, Apt. 18G, Boxborough, Middlesex County, Massachusetts 01719 (hereinafter "Property").

1

5. Lisa M. Oakes (hereinafter "Ms. Oakes") was a tenant of Mr. Bache who lived rent-free in the Property.

6. Mr. Bache invited Ms. Oakes to move into the Property when he learned that she had no place to live. Mr. Bache offered for her to reside at the Property until she found a place to live.

7. After Ms. Oakes and Mr. Bache lived together for some time, the two formed a romantic relationship.

8. The relationship between the couple ended and Ms. Oakes started to verbally abuse Mr. Bache.

9. After enduring this abuse for some time, Mr. Bache asked Ms. Oakes to move out of the Property.

10. However, despite multiple requests to do so, Ms. Oakes refused to move out.

11. Due to this, Mr. Bache hired Attorney Devin L. Hoffman (hereinafter "Attorney Hoffman") to assist him with her eviction from the Property.

12. Seemingly angered by the steps Mr. Bache underwent to evict her, Ms. Oakes started contacting the Boxborough Police Department and formulating stories of physical abuse that Mr. Bache committed against her.

13. Despite Ms. Oakes long criminal history, the absurdity of the claims, and her contradictory testimony, the Boxborough Police Department chose to file multiple charges against Mr. Bache. Boxborough pursued charges alleging assault and battery (among others) based entirely on Ms. Oakes' stories.

14. Mr. Bache was tried for the alleged charges at two separate trials in Ayer District Court. After facing a jury for both cases, Mr. Bache was acquitted by both juries in less than ten minutes.

15. In spite of the acquitals, Ms. Oakes continued to baselessly accuse Mr. Bache of a number of claims including: numerous small claims in Ayer District Court, numerous small claims in Housing Court, and criminal complaints (by filing the personal criminal complaint forms) in Ayer District Court.

16. Ms. Oakes did not prevail on any of the claims she brought against Mr. Bache.

17. Prior to the hearing in Housing Court regarding the eviction of Ms. Oakes from the Property, Ms. Oakes forced Mr. Bache to attend a dozen or so baseless hearings on unsubstantiated claims.

18. Ms. Oakes also contacted the Board of Bar Overseers and attempted to have Mr. Bache's attorney in the matter, Attorney Hoffman, disbarred in retaliation for the efforts he took to evict her from the Property.

19. The Board of Bar Overseers did not find any credibility in Ms. Oakes complaints against Attorney Hoffman.

20. On January 14, 2019, Mr. Bache attended a hearing in the Commonwealth of Massachusetts Northeast Housing Court (hereinafter "Hearing").

21. At the Hearing, the Court refused to hear Ms. Oakes claims that, despite not working in years, Mr. Bache had stolen valuables such as gold and jewels from her.

22. The only issue the Court would consider was the retrieval of Ms. Oakes belongings from the Property.

23. At the conclusion of the Hearing, the parties agreed to a Stipulation Agreement stating that Ms. Oakes would be allowed to retrieve her belongings from the Property on two separate occasions.

24. Counsel for Mr. Bache demanded the inclusion of two separate retrieval dates out of concern for Ms. Oakes actions once she re-entered the Property. As stated above, Ms. Oakes had previously constructed criminal actions to harm Mr. Bache in the past.

25. Due to this, Attorney Hoffman ensured that the Stipulation Agreement listed the items that could be removed from the Property on the first date of removal. Therefore, if the Stipulation Agreement was breached by Ms. Oakes, Attorney Hoffman could request that the Court prevent her from entering the Property on the second scheduled occasion.

3

26. Also, the Stipulation Agreement required that an officer from the Boxborough Police Department attend both dates of retrieval to ensure it was fully enforced.

27. The above stipulations were agreed to and signed by both parties. The Stipulation Agreement was then endorsed by the Court converting it into a Court Order (hereinafter "Court Order").

28. Per the Court Order, the first day of partial retrieval would occur on February 3, 2019.

29. On this day, Ms. Oakes would be allowed to enter the Property and only retrieve small items, namely clothing and shoes.

30. The second and final retrieval time agreed to in the Court Order was set for August 31, 2019.

31. On this day, Ms. Oakes would be able to remove all other large belongings that remained at the Property.

32. On the day of the first scheduled retrieval, February 3, 2019, Ms. Oakes showed up to the Property along with an officer from the Boxborough Police Department, Officer Gath.

33. Despite the presence of Officer Gath and the Court Order specifying what Ms. Oakes could take, Ms. Oakes began helping herself to anything she wanted, including Mr. Bache's personal property, and not just her clothes or shoes.

34. When Mr. Bache saw Ms. Oakes leaving with his personal property he notified Officer Gath of the limitations of the Court Order and advised him that Ms. Oakes was removing additional property in breach of the Court Order.

35. Based on the Court Order, Mr. Bache believed Officer Gath was at the Property to be impartial and assumed he would assist in ensuring the Court Order was fully enforced.

36. Instead, Officer Gath made comments to Mr. Bache that alluded to the fact that he was aware of the Court Order, but allowed Ms. Oakes to take any property she wished.

37. After his requests that Officer Gath enforce the Court Order were ignored, Mr. Bache called Attorney Hoffman.

4

38. Officer Gath agreed to speak with Attorney Hoffman over the phone. On the phone, Attorney Hoffman attempted to explain the constraints of the Court Order.

39. Attorney Hoffman emphasized that, per the Court Order, only clothes and shoes that belonged to Ms. Oakes should be taken from the Property at that time.

40. Officer Gath stated that due to the Court Order he was allowing Ms. Oakes to retrieve items from the Property.

41. Attorney Hoffman attempted to explain to Officer Gath that he knew what was in the Court Order, as he had helped create and present it to the Court. Therefore, he knew what the Court Order stated and explained that it was set up to ensure that Ms. Oakes did not leave the Property with anything more then her clothes and shoes. Attorney Hoffman explained that this limitation on items removed was included in the Court Order to avoid a situation, similar to what was occurring at that time, where Ms. Oakes removed property that belonged to Mr. Bache.

42. Despite this explanation, Officer Gath continued to state that he was enforcing a Court Order and therefore nothing further could be done.

43. Due to this response, Attorney Hoffman drove to the Property to meet Mr. Bache and attempted to show Officer Gath the document and where the limitations were stated.

44. Officer Gath refused to discuss the matter with Attorney Hoffman any further and refused to enforce the Court Order.

45. Instead, Mr. Bache and Attorney Hoffman watched while Officer Gath permitted Ms. Oakes to take anything she wished from the Property, in direct defiance of the Court Order.

46. Mr. Bache took notes on the items Ms. Oakes illicitly took from the Property. These items included, but were not limited to: Mr. Bache's wedding ring, vaccuum cleaner, pants, shirts, electric toothbrush, socket set, toaster oven, crock pot, alarm clock, slippers, two lamps,

shower curtain, pillows, blankets, a table, dryer sheets, baking pan, frying pan, picture frames, sauce pan, luggage, laundry basket, shoes, a hockey shirt, trash bag, forks, knives, and spoons.

47. Ms. Oakes even went through Mr. Bache's mail and began reading documents addressed to him.

48. After most of the above property had been removed, Officer Gath told Attorney Hoffman that if Mr. Bache had a problem with anything that Ms. Oakes had taken, or did, that day Mr. Bache could sue her in Court.

49. Attorney Hoffman again attempted to explain, to no avail, that they already had a Court Order determining what Ms. Oakes should be allowed to take.

50. At this, Officer Gath shrugged and began to assist Ms. Oakes in carrying out remaining items from the Property.

51. Due to the COVID-19 virus, Boxborough was closed throughout the summer until Monday, September 14, 2020.

52. After the re-opening, on September 28, 2020, counsel for Mr. Bache presented their claim, in writing, to the executive officer in accordance with M.G.L. c. 258 § 4.

53. As of the date of this filing, Counsel for Mr. Bache has received no correspondence from Boxborough accepting or denying the claims.

## COUNT I: NEGLIGENCE

54. Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

55. To recover for negligence, the plaintiff must show that the defendant owed him a duty, the duty was breached, and the breach directly caused the damages that resulted.

56. The Defendants owed the Plaintiff a duty which they breached, as stated supra.

57. This breach was the direct cause of the Plaintiff's loss of property and emotional distress.

58. In this case, Officer Gath and Boxborough had a duty to enforce a Court Order. By not enforcing the Court Order, Officer Gath and Boxborough breached their duties. This breach directly caused Plaintiff's loss of property and emotional distress.

## COUNT II: VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT

59. Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.
60. The MCRA, M.G.L. c. 12 § 11I, is a remedial statute, and is entitled to liberal construction of its terms. Batchelder v. Allied Stores Corp., 393 Mass. 819, 822 (Mass. 1985).
61. Massachusetts Civil Rights Act (hereinafter "MCRA") provides relief when a Plaintiff shows 1) the exercise or enjoyment of rights secured by the Constitution or laws of the United States or the Commonwealth, 2) an interference, or attempted interference, with that exercise or enjoyment by the defendant, and 3) the interference was by threats, intimidation, or coercion.
62. Plaintiff's Constitutional right to property was interfered with by the Defendants who disregarded a Court Order and allowed Ms. Oakes to take possession of Plaintiff's property. The interference to Plaintiff's rights were due to the intimidation and coercion of Officer Gath, furthered by his position as a Boxborough Police Officer.
63. By allowing their agents to disregard a Court Order, Boxborough also interfered with Plaintiff's right to property.

## COUNT III: VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

64. The Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.
65. To show a violation of the fifth amendment to the United States Constitution, the Plaintiff must show that they were deprived life, liberty, or property, without due process of the law.

The Plaintiff must also show that his private property was taken for public use, without just compensation.

### Count III A

66. The Plaintiff must show that they were deprived life, liberty, or property, without due process of the law.

67. The Defendants, Boxborough and Officer Gath, allowed Ms. Oakes to remove the Plaintiff's property without due process.

68. Not only did Defendants refuse to afford Plaintiff with adequate due process prior to taking his property, in violation of the Fifth Amendment of the U.S. Constitution, but the Defendants' took Plaintiff's property in direct defiance of a Court Order stating that the property should not be removed.

### Count III B

69. The Plaintiff must show that his private property was taken for public use without just compensation.

70. Defendants deliberately prevented the execution of a Court Order and allowed Plaintiff's property to be removed without providing just reimbursement for items taken.

71. By taking Plaintiff's property without due process of the law or just compensation, the Plaintiff's Fifth Amendment rights were violated.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. The Plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth and recited herein.

73. To successfully recover under an intentional infliction of emotional distress the plaintiff must show that the 1) defendant intended to inflict emotional distress, or he knew or should have known, that emotional distress was the likely result of his conduct, 2) the defendant's conduct

8

was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community, 3) the actions of the defendant were the cause of the plaintiff's distress, and 4) the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it. Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

74. The Defendants actions were "extreme" and "outrageous." The Defendants knew, or should have known, that their actions would cause the Plaintiff emotional distress.

75. As a result of the Defendants' actions, the Plaintiff did, in fact, suffer severe emotional distress.

## COUNT V: BREACH OF FIDUCIARY DUTY

76. Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

77. A fiduciary duty arises when there is a fiduciary duty to act for the benefit of another party within the scope of the relationship. Doe v. Harbor Schs., Inc., 446 Mass. 245 (2006). The Plaintiff must show the 1) existence of a fiduciary duty by the defendant that is owed to the plaintiff, 2) the defendant breached the duty, 3) the emotional distress was caused by the breach of duty, and 4) and damages to the plaintiff resulted. Business Torts in Massachusetts § 3.2.2 (MCLE, Inc. 2002); see also Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153 (1999).

78. The actions of the Defendants, stated supra., consititued a breach of fiduciary duty.

79. The Defendants owed a duty to the Plaintiff which they breached, and the Plaintiff suffered severe emotional distress as a direct result of this breach.

## COUNT VI: CONVERSION

80. The Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

9

81. To succeed on a conversion claim, a plaintiff must show that the 1) defendant intentionally and wrongfully exercised control or dominion over personal property, 2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion, 3) the plaintiff was damaged, and 4) a demand for return of the property and a refusal.

82. As stated supra., the Defendants intentionally and wrongfully exercised control over Plaintiff's personal property by failing to enforce the Court Order and allowing Ms. Oakes to take anything she wanted from the Property.

83. Plaintiff owned much of the property that Ms. Oakes took and suffered damages when it was taken from him.

84. Plaintiff demanded that Officer Gath enforce the Court Order and protect his property, but Officer Gath refused to limit the items Ms. Oakes took, refusing to return his property.

## COUNT VII: NEGLIGENT SUPERVISION AND TRAINING

85. The Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

86. "Employers are responsible for exercising reasonable care to ensure that their employees do not cause foreseeable harm to a foreseeable class of plaintiffs." Roe No. 1 v. Children's Hosp. Med. Ctr., 469 Mass. 710, 714–715, 16 N.E.3d 1044 (2014). To establish an employer's liability for negligently training and retaining an employee, a plaintiff must show that the "employer [became] aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment." Foster v. The Loft, Inc., 26 Mass. App. Ct. 289, 291, 526 N.E.2d 1309 (1988).

87. The actions of Boxborough were negligent in preventing foreseeable harm to a foreseeable Plaintiff.

88. Boxborough was aware, or should have been aware, that their employee, a police officer in Boxborough, would not understand the necessity of enforcing a Court Order and feel entitled to disregard its execution in lieu of their own discretion.

89. Boxborough made no attempts to investigate, discharge or reassign the officer for this offense.

90. Per the above facts, Boxborough was negligent in their supervising and training of their officers.

## COUNT VIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91. The Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

92. To prevail in a claim of negligent infliction of emotional distress, a plaintiff must prove: the negligence of the defendants; that the negligence caused emotional distress; that the emotional distress either caused or was caused by physical harm or injury; that the harm or injury was manifested by objective symptomatology; and that the distress was foreseeable. *See Payton v. Abbott Labs.*, 386 Mass. 540, 557 (1982); *Ferriter v. Daniel O'Connell's Sons,* 381 Mass. 507 (1980).

93. The actions of the Defendant's, stated supra., constituted negligence.

94. As stated supra., the Plaintiff suffered foreseeable emotional distress as a result of the Defendants' negligence.

**WHEREFORE,** the Plaintiff respectfully requests that this Court grant the following relief:

1. Enter Judgment against Defendants;
2. Award Plaintiff attorney fees, costs and expert witness fees;
3. Award compensatory damages for lost property, physical and emotional pain and suffering, emotional distress, humiliation,

11

   anxiety, embarassment, loss of enjoyment of life and out-of-pocket expenses or other financial losses, plus lawful interest.

4. Order the Defendants' to pay prejudgment interest from the date of the filing of this complaint; and

5. Award such other relief as the Court deems fair and just.

## DEMAND FOR JURY

Plaintiff demands a trial by jury on all issues so triable.

Date: June 4, 2021

**Respectfully Submitted.**
**Douglas J. Bache**
**Plaintiff**
**By his Attorney,**

_____
Brenna A. McGonigle, Esq. (BBO# 707487)
Attorney for Plaintiff
HOFFMAN LAW
67 Forest Street – Suite 262
Marlborough, MA 01752
Phone: (978) 848-2041
Fax: (978) 849-8870
b.mcgonigle@dhoffmanlaw.com